**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  10-12310 BKT** |
| **ALEDRIA CORPORATION** | **Chapter   7** |
| **Debtor(s)** | <span style="color:red">**FILED & ENTERED ON 04/15/2013**</span> |

## OPINION AND ORDER

Before this court is Plaintiff's Motion for Summary Judgment [Dkt. No. 47], Triple-S's Response to the Motion of Summary Judgment and Triple-S's Motion for Summary Judgment [Dkt. No. 50],  Defendant's Opposition to Motion for Summary Judgment [Dkt. No. 54], Defendant's Opposition to Plaintiff's "Undisputed Material Facts" [Dkt. No. 55], Triple-S's Reply to Defendant's Motion to Strike And/Or Response in Opposition to Triple-S's Motion for Summary Judgment [Dkt. No. 61], and Triple-S's Statement of Material Facts in Support of its Motion for Summary Judgment [Dkt. No. 61-1]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is GRANTED.

In or around 2008, J.N.R. Engineers, S.E. ("JNR"), entered into a service agreement with Aledria Corporation ("Debtor") for a project related to the Water Treatment Plant of Toa Alta Heights: Project No. 2-70-5016 (the "Project"). JNR subsequently executed a construction contract with Puerto Rico Aqueducts & Sewer Authority[1] in order to execute work in relation to the Project. As a principal to the Project, JNR obtained a payment and performance bond from Triple-S

---

1 Also known in Spanish as "Autoridad de Acueductos y Alcantarillados".

Propiedad, Inc.[2] ("Triple-S"). In fulfilling the service agreement between JNR and Aledria, Aledria entered as a subcontractor into a business relationship with Chlorine and Instrument Services Co., ("CISCO") for service and materials. On June 23, 2009 and November 11, 2010, CISCO requested payments of the past due amounts from Debtor and JNR. [Dkt. No. 32, Exh. A]. On February 28, 2011 and December 12, 2011, CISCO delivered two letters through its legal representative Nevarez & Sanchez Alvarez, PSC to Triple-S requesting the payment in the amount of $26,281.50 owed by Debtor for services related to the Project. [Dkt. No. 32, Exh. B].

## I. Factual Background

On December 30, 2012, Debtor filed a voluntary chapter 7 bankruptcy petition. On January 5, 2010, Wilfredo Segarra ("Trustee") was appointed as successor chapter 7 Trustee. The Debtor scheduled in its Schedule B as an account receivable the payment JNR owed in the amount of $16,792.21 per the services provided in the Project. Triple-S issued on behalf of JNR a payment and performance bond SB 24004017 in connection with the Project. On March 6, 2012, Triple-S filed a motion to consign funds in the amount of $16,791.21, for Debtor and CISCO to litigate amongst themselves who has a superior right to collect the amount consigned and for a release from all liability under the payment and performance bond issued. [Dkt. No. 18]. On March 27, 2012, this Court entered an order to Trustee and Debtor to reply to the motion for consignation and declaratory relief filed by Triple-S. [Dkt. No. 20]. On April 9, 2012, the Trustee filed a motion to withdraw consigned funds in the amount of $16,792.21 in payment of the scheduled account receivable. [Dkt. No. 27]. On April 17, 2012, the Debtor filed a motion in compliance with the Court order and stated that it purchased certain equipment from CISCO during the project and that Debtor had paid certain

---

2 Formerly known as Seguros Triple-S, Incorporated.

amounts to CISCO towards the purchase price of such equipment. Debtor also admitted that an outstanding amount remains to be paid to CISCO. As a result, Debtor included CISCO's claim in Schedule F of its chapter 7 bankruptcy petition. [Dkt. No. 28]. On April 24, 2012, CISCO filed a Motion in Opposition to the Trustee's request for turnover of property. [Dkt. No. 32]. On May 30, 2012, the Trustee filed a reply to CISCO's motion to opposition to the Trustee's request for turnover of property. [Dkt. No. 41]. On June 1, 2012, Triple-S filed a reply to CISCO's Motion in Opposition to Trustee's request for turnover of Property and to the trustee's reply to CISCO's Motion in Opposition to Trustee's request for turnover of property. [Dkt. No. 43]. Plaintiff's Motion for Summary Judgment and Defendant's Opposition followed.

## II. Summary Judgment Standard

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Fed. R. Civ. P. Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a

reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388. Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

### III.  Legal Analysis and Discussion

#### A.        Plaintiff's Motion for Summary Judgment

In the summary judgment motion presently before the court, Plaintiff argues that there are no genuine issues as to any material facts and that therefore it is entitled to judgment as a matter of law.

More specifically, Plaintiff argues that the below material facts are undisputed:

1.      Triple-S issued on behalf of JNR the payment and performance bond SB 24004017 in connection with the Project;

2.      JNR contracted directly with Debtor for the Project;

3.      CISCO entered in a business relationship with Debtor for service and materials for the Project;

4.      CISCO only provided for the mentioned project the material of Motor Control Center;

5.      On September 3, 2008, CISCO issued an Invoice No. 5619 to Debtor in the amount of $43,281.50 corresponding to the Motor Control Center Station 1;

6.      On June 23, 2009, Debtor sent a collection letter corresponding to the Invoice 5619;

7.      On July 1, 2009, Debtor made a payment in the amount of $40,450.00 corresponding to Invoice No. 5619;

8.      On December 6, 2012, CISCO sent Debtor an Invoice in the amount of $26,218.50 in which credit the payment already made by Debtor corresponding to Invoice No. 5619;

9.      The amount of $26,218.50 Debtor owed to CISCO is a trade debt, corresponding to other projects. The amount owed outstanding for the Invoice No. 5619 is in the amount of $2781.50.

The Plaintiff further contends that under 11 U.S.C. § 362, "an Automatic Stay applies to all entities, to any action, proceeding or any acts to collect, asses [sic], or recover a Pre-Petition claim." Therefore, because Debtor already paid $40,500.00 out of the $43,281.50 Debtor owed to Defendant in accordance with Invoice No. 5619, the $26,281.00 is a trade debt. Thus Defendant does not have a right to claim from the posted bond since Debtor already paid for the material provided for the Project. Summarily, Defendant's claim in the amount of $26,281.50 against the bond is in violation of 11 U.S.C. § 362.

In opposition, Defendant argues that generally under Fed. R. Civ. P. 56(c)(2), upon objection by a party, courts may not consider materials cited to support or dispute a fact that cannot be

presented in a form that would be admissible in evidence. More specifically, Defendant argues that

Plaintiff's following statements cannot be admitted into evidence:

1.  Triple-S issued on behalf of JNR the payment and performance bond SB 24004017 in connection with the Project. Defendant argues that the Trustee makes reference to a payment and performance bond SB-2400407 in connection with the Project instead of providing the original or duplicate of such payment and performance bond. Defendant further argues that this is impermissible hearsay since under the Best Evidence rule or Rules 1001 to 1008 of Federal Rules of Evidence, the content of a document must be proven by the original or an admissible duplicate of the same pending exceptions. Defendant contends that because none of the exceptions apply, this statement is inadmissible hearsay for the purpose of the motion for summary judgment.

2.  JNR contracted directly with Debtor for the Project. Defendant argues that this statement is also inadmissible because the materials cited in support or dispute a fact cannot be presented in a form that would be admissible in evidence. Defendant argues that the Trustee makes this statement without reference to a document or a sworn statement, or any piece of evidence in support. Further, the Defendant points out that this statement is unaccompanied by the original or a duplicate of the document or written statement in support. Thus, this statement is inadmissible.

3.  CISCO entered in a business relationship with Debtor for service and materials for the Project.  Defendant raised the same argument as above that this statement is not admissible because the Trustee makes this statement without reference to a document or a sworn statement, or any piece of evidence in support. Further, the Defendant points out that this statement is unaccompanied by the original or a duplicate of the document or written statement in support. Thus, this statement is inadmissible.

4.  CISCO only provided for the mentioned project the material of Motor Control Center. Defendant raised the same argument as above that this statement is not admissible because the Trustee makes this statement without reference to a document or a sworn statement, or any piece of evidence in support. Further, the Defendant points out that this statement is unaccompanied by the original or a duplicate of the document or written statement in support. Thus, this statement is inadmissible.

5.  On July 1, 2009, Debtor made a payment in the amount of $40,450.00 corresponding to Invoice No. 5619. Defendant raised the same argument as above that this statement is not admissible because the Trustee only supplied 1 out of 9 pages of evidence in violation of Rule 106 of the Federal Rules of Evidence. Further, the Defendant argues that no evidence is submitted for the alleged payment in the form of a copy of a cashed check or a unsworn statement that attests to the fact that a payment was made in such amount on behalf of CISCO to pay the services rendered.

6.  On December 6, 2012, CISCO sent Debtor an Invoice in the amount of $26,218.50 in which credit the payment already made by Debtor corresponding to Invoice No. 5619. Defendant argues that the date as provided in Exhibit 4, to which such statement made reference to, is instead December 6, 2010 and therefore is inadmissible. Further, the Defendant contends that the Trustee only supplied 1 out of a 4 pages document and therefore does not satisfy Rule 106 of the Federal Rules of Evidence. In light of the above, the Defendant concludes that this statement is inadmissible.

7.  The amount of $26,218.50 Debtor owed to CISCO is a trade debt, corresponding to other projects. The amount owed outstanding for the Invoice No. 5619 is in the amount of $2781.50. Defendant raised similar arguments that this statement is inadmissible because the Trustee makes this statement without reference to a document or a sworn statement. Instead, the Trustee only made reference to an unsworn statement by Mr. Juan A. Casañas. Further, the Defendant points out that this statement is unaccompanied by the original or a duplicate of the document or written statement in support. Thus, this statement is inadmissible.

Therefore, the Defendant argues that because of the inadmissibility of 7 out of the 9 statements alleged by the Plaintiff, the Plaintiff is not entitled to a judgment as a matter of law.

**B. Triple-S's Response to Plaintiff's Motion for Summary Judgment and Triple-S's Motion for Summary Judgment**

In response to the Plaintiff's Motion for Summary Judgment, Triple-S also made a Motion for Summary Judgment. Specifically, Triple-S argues that it made proper consignation of the bond and therefore, under § 1746 of the Puerto Rico Civil Code, 31 L.P.R.A. §4951, § 1110 of the Puerto Rico Civil Code, 31 L.P.R.A. §3151, and § 1130 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3180, it has met its obligation and thus the Court should enter an order declaring the cancellation of its ongoing obligation. Further, Triple-S argues that under § 1738 of the Puerto Rico Civil Code, 31 L.P.R.A. §4912 and § 1166 of the Puerto Rico Civil Code, 31 L.P.R.A. §3250, by paying the bond obligated through consignation "by virtue of the rights of subrogation, Triple-S placed itself into the shoes of JNR and with JNR's assent, Triple-S is now entitled to collect from the projet's [sic] owner the contract funds in its possession." Therefore, Triple-S contends that this Court should grant the

summary judgment in declaring that 1) Triple-S made a correct consignation; 2) JNR and Triple-S have been released from all liability regarding the obligations from Debtor and CISCO; and 3) Triple-S through the right of subrogation is entitled to collect from the Project's owner for the contract funds.

In response to Triple-S's Motion for Summary Judgment, Defendant contends that such motion should be denied if the Court decides to entertain such motion because 1) Triple-S failed to submit a separate statement of material facts as required by Fed. R. Civ. P. 56(c) and Local Rule 56(b) and 2) Triple-S made contradicting comments as to its documents in terms of the amount owed to the Defendant. More specifically, Defendant contends that the amount owed to it is $26,281.50 and nothing less. Therefore, Defendant points out that Triple-S cannot consign solely $16,791.21 and have all of its responsibility dissolved when the Debtor owed the greater amount of $26,281.50. Because of such contention, the Defendant contends that Triple-S cannot place itself in the shoes of JNR or be released from its responsibility as surety to pay the full amount owed to the Defendant.

In response to the Defendant's opposition to Triple-S's Motion for Summary Judgment, Triple-S included a separate Statement of Material Facts per the Facts stated in its original Motion. Further, Triple-S points out that 1) the Defendant did not address the merits of Triple-S's legal right to consign a bond upon two individuals claiming a right to collect the same bond; 2) Triple-S did not consent to any compromise between the Defendant and JNR and therefore Triple-S as the surety is not affected; 3) Triple-S as JNR's surety has the discretion to take the necessary and proper actions to obtain its release of the bond; 4) Triple-S correctly made a consignation as a matter of law and thus consignation alone has the effect of releasing the consignor from liability from the amount due under § 1130 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3180; and 5) Triple-S as the surety has

the right to subrogation of the amount it has paid through consignation under § 1738 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4912. Therefore, Triple-S contends that the Court should grant the summary judgment motion in its favor.

After reviewing the arguments of the parties, and the relevant law, this court concludes that there is no genuine issue as to material facts and that the moving party is entitled to judgment as a matter of law. Defendant has moved to deny Plaintiff's summary judgment on the following two grounds: (1) its alleged failure to comply with Fed. R. Civ. P. 56(c) and Local Rules of the U.S. District Court for the District of Puerto Rico, Rule 56(b)[3], which requires a statement of material facts as to which there is no genuine issues to be tried in support of its Summary Judgment and (2) its failure to meet the requirements as per Federal Rule of Evidence 106.

**III.**      **Fed. R. Civ. P. 56(c) and Local Rules of the U.S. District Court for the District of Puerto Rico 56(b)**

Under the Rule 56(c) of the Fed. R. Civ. P. "(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

In this instant case, Defendant alleges that the Plaintiff did not abide by the above rule, more specifically, the Plaintiff failed to cite parts of its undisputed material facts to particular sections that

---

3 Defendant failed to specify the proper sections of the Federal Rules and the Local Rules. Nonetheless, we will address such contention in the interests of judicial economy.

may support its assertions. This argument has no merit. Although the Plaintiff did not cite in particular within the undisputed material facts section to particular sections, the Plaintiff did establish such citations within its summary judgment, in particular in its introductory sections.

Defendant next contends that the Plaintiff failed to follow the summary judgment procedural requirement as laid out under the L.Civ.R. 56(b). Under Local Rule 56(b), "A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule."

This argument also lacks merit. Although the Plaintiff did not provide a separate document other than its Motion for Summary Judgment for a statement of material facts, the Plaintiff nonetheless addressed such requirement in a *separate* section within the Motion for Summary Judgment and thus meeting such requirement. Further, the Plaintiff adequately met the other requirements of Local Rule 56(b) by referencing to the docket and to the attached exhibits.

In light of the above analyses, this Court deems that the Plaintiff adequately met its requirements under both the Fed. R. Civ. P. 56(c) and the L.Civ.R. 56(b).

This Court will not address Defendant's specific allegations. Defendant seems to argue that plaintiff failed to authenticate by failing to provide documents or written statements 1) showing JNR's payment and performance bond SB-2400407 in connection with the Project; 2) showing JNR's contract with Debtor for the Project; 3) showing that the Defendant entered into a business relationship with Debtor for service and materials for the Project; 4) showing that Defendant only provided for the Motor Control Center equipment for the Project; 5) showing that on July 1, 2009,

Debtor made a payment in the amount of $40,450.00 corresponding to Invoice No. 5619; 6) showing that on December 6, 2012, Defendant sent Debtor an Invoice in the amount of $26,218.50 in which credit the payment already made by Debtor corresponding to Invoice No. 5619; 7) showing that the amount of $26,218.50 Debtor owed to Defendant is a trade debt, corresponding to other projects. And that the amount owed outstanding for the Invoice No. 5619 is in the amount of $2,781.50.

The above allegations all lack merit. In its previous Motion in Opposition to Trustee's Request for Turnover of Property [Dkt. No. 32], the Defendant held Plaintiff's first, second, and third statements as factual. Further, although not referenced specifically, Exhibit 1 of the Plaintiff's Motion for Summary Judgment or Defendant's invoice to the Debtor to which the Defendant does not dispute, adequately supported Plaintiff's fourth statement. Plaintiff's fifth and sixth statements are also adequately fueled by their citations to exhibits 3 and 4 respectively. Regarding the Plaintiff's sixth statement, Plaintiff explained further in its Motion that the $26,281.50 is illogical. Defendant sent a collection letter to the Debtor on June 23, 2009 in the amount of $43,281.50. On July 1, 2009, Debtor paid $40,500.00 evident by its General Ledger statement. Therefore, after the subtraction of $40,500.00 from $43,281.50, the remaining amount is clearly $2,781.50 rather than Defendant's alleged amount of $26,281.50. Since all the above mentioned statements are adequately supported, the requirements of both the Fed. R. Civ. P. 56(c) and the Local Rules of the U.S. District Court for the District of Puerto Rico 56(b) have been satisfied. This Court will now address Defendant's Federal Rules of Evidence challenges.

### IV. Failure to Comply with Rule 106 of the Federal Rules of Evidence

In this instant case, Defendant alleges that the following documents failed to meet the requirements of Rule 106 of the Federal Rules of Evidence: 1) Debtor's General Ledger; and 2)

Invoice No. 5619.  More specifically, the Defendant challenges Debtor's General Ledger document on the ground that only one page of the nine page document was attached and thus does not satisfy the requirements mandated under Rule 106. of Federal Rules of Evidence. Similarly, the Defendant challenges Debtor's Invoice No. 5619 on the ground that only one page of the four pages were attached and thus does not satisfy the requirements mandated under Rule 106.

Under the doctrine of completeness codified in Federal Rule of Evidence 106, a party wishing to introduce only a portion of a recorded statement may be precluded from doing so where partial disclosure out of context would result in unfairness to the other party. United States v. Millan, 230 F.3d 431, 434 (1st Cir. 2000); See United States v. Awon, 135 F.3d 96, 101 (1st Cir.1998) ("The doctrine of completeness ... operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement."). The rule permits "a party against whom a fragmentary statement is introduced [to] demand that the rest of the statement (or so much thereof as is appropriate) be admitted into evidence in order to place the excerpt in context." Id. (quoting United States v. Houlihan, 92 F.3d 1271, 1283 (1st Cir.1996)).

"[T]he threshold question under Rule 106 is always one of defining the entirety: that is, if Rule 106 applies, what is it that must be complete?" United States v. Boylan, 898 F.2d 230, 256 (1st Cir.1990). Here, Debtor's General Ledger document can be seen to be a reasonable unit of wholeness. This document bore its own caption, title, descriptions, and dates the relevant period concerned by both parties in this instant case. This Court therefore deems the Defendant's allegation of having the need to produce the whole nine pages of such document unnecessary and in doing so, may deter the focus of this present motion. Similarly, Debtor's Invoice No. 5619 document can also

be seen to have a reasonable unit of wholeness. This invoice can be understood on its own without further clarification from the other pages of the whole document. Further, this invoice contains all the traits an invoice would typically contain, namely date, addressor, addressee, transaction, amount due, past due amounts, and so forth.

Having determined both documents to contain "a reasonable unit of wholeness," this Court next considers whether the excerpts would "neglect[ ] some revealing context of the whole." Id. at 257. Because the Defendant did not indicate on the record which portion it wanted admitted for either document, this Court deems Plaintiff's excerpts of the two documents to be sufficient to address the merits of the current contentions of this case with reasonable units of wholeness.

The Defendant further contends that a claim referencing Debtor's Invoice No. 5619 in the Plaintiff's Motion of Summary Judgment failed to state the correct date to match its cited document and thus cannot be admissible. This Court fails to see any merits in this argument as Debtor's Invoice No. 5619 was consistently referenced throughout the records of the Court's docket in this instant case along with the stated sequence of events in the Plaintiff's Motion. This Court, recognizing an important legal maxim that *dubia in superum modum interpretari debent* — doubts should be interpreted in the best possible way, fails to see the inconsistent date as anything more than a typographical error[4]. Therefore, the Plaintiff adequately met the burdens of Rule 106 of the Federal Rules of Evidence.

Summarily, Defendants failed to produce sufficient evidence to demonstrate any of Plaintiff's undisputed material facts are indeed disputed. This Court recognizes that the practical effects of

---

4 This Court also deems necessary to clarify that upon its conclusive finding of the Plaintiff's error here is indeed a typographical error, this Court also took into consideration the myriad of typographical errors found in all of the parties' motions in reaching such finding.

granting the Plaintiff's Motion for Summary Judgment effectively renders Triple-S's Motion for Summary Judgment moot as to this current controversy. Therefore, this Court acts in accordance with the latin maxim *Fiat justitia ruat caelum*—let justice be done though the heavens fall—and moves on to the next case to provide justice to the next litigant in line, on a crowded docket.[5]

WHEREFORE, IT IS ORDERED that the Plaintiff's Motion for Summary Judgment shall be, and it hereby is, GRANTED. The Clerk of the Court is ordered to turn over the consigned funds in the amount of $16, 792.21 plus any interest earned less any assessment fees to the chapter 7 trustee Wilfredo Segarra Miranda.

In San Juan, Puerto Rico this 15th day of April, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

---

[5] Starski v. Kirzhnev, 682 F.3d 51, 56 (1st Cir. 2012)(usage of same latin phrase to promote the consent of judicial economy.)